IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.:  1:13cr12/MW/GRJ
 1:16cv253/MW/GRJ

MARCUS CHATMAN
_____

## **REPORT AND RECOMMENDATION**

This matter is before the Court upon Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (ECF No. 119); the Government's Response thereto (ECF No. 128); Petitioner's Reply (ECF No. 129), and Petitioner's Motion for Leave to File a Supplemental § 2255 Motion. (ECF No. 133.) The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and FED. R. CIV. P. 72(b). After a review of the record and the arguments presented, the Court concludes that Petitioner has not raised any issue requiring an evidentiary hearing and that the § 2255 Motion should be denied. *See* Rules 8(a) and (b) Governing § 2255 Cases.

## I. BACKGROUND

On May 7, 2013, a grand jury returned a one-count indictment charging Petitioner with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (ECF No. 1.) The indictment further set forth Petitioner's prior felony convictions under Florida Statutes § 893.13 for (1) Possession of Cocaine With Intent to Sell or Deliver within 1,000 feet of a School, Park or Daycare on or about June 27, 2005; (2) Possession of Cocaine with Intent to Sell or Deliver Within 1000 Feet of a Church on June 27, 2005; and (3) Possession With Intent to Sell Cocaine Within 1,000 Feet of a Place of Worship and Possession of Cocaine on February 28, 2006. (ECF No. 1 at 1-2.)

On May 23, 2013, Petitioner was arraigned on the charge, and the Court ordered Assistant Federal Public Defender Darren James Johnson to represent him. (ECF No. 10.) The case proceeded to trial, and on December 19, 2013, a jury found Petitioner guilty. (ECF No. 65.) Petitioner wrote a letter to the Court, which the Court construed as a Motion to Discharge Mr. Johnson as his counsel. (ECF No. 68.) The Court denied the

motion, but out of an abundance of caution, appointed attorney David A. Wilson to represent Petitioner at his sentencing. (ECF No. 74.)

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). The PSR found that Petitioner had a base-level offense of 24 because the offense was committed subsequent to Petitioner sustaining at least two felony convictions of either a crime of violence or a controlled substance offense pursuant to U.S.S.G. § 2K2.1(a)(2). (ECF No. 85, PSR ¶ 20.) The PSR further determined that, because Petitioner was subject to an enhanced penalty under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), he is considered an armed career criminal pursuant to § 4B1.1 of the Sentencing Guidelines. *Id.* at ¶ 26. Petitioner's total offense level was 34, and his criminal history category was VI. *Id.* at ¶ 88. The applicable guidelines range was 262 to 327 months. *Id.* at ¶ 87.

On March 17, 2014, U.S. District Judge Mark E. Walker sentenced Petitioner to 180 months of imprisonment, a three-year term of supervised release, and a $100 Special Monetary Assessment. (ECF No. 84.) The

Court entered the judgment against Petitioner on March 21, 2014. (ECF No. 89.)

Petitioner appealed his sentence to the Eleventh Circuit Court of Appeals. (ECF No. 113.) In his sole ground on appeal, Petitioner argued that the district court erred by sentencing him under § 924(e) of the ACCA and § 4B1.1 of the Sentencing Guidelines based on his prior convictions for possession with intent to sell cocaine in violation of Florida Statutes § 893.13(1). *Id.* Petitioner argued that his prior § 893.13 convictions do not qualify as ACCA-predicate "serious drug offense[s]" under § 924(e)(2)(A)(ii) because they lack a *mens rea* requirement. *Id.* In an unpublished opinion issued on July 24, 2015, the Eleventh Circuit found that Petitioner's appeal is foreclosed by *United States v. Smith*, 775 F.3d 1262, 1264 (11th Cir. 2014), which held that convictions for possession with intent to sell a controlled substance, in violation of § 893.13(1), qualify as "serious drug offense[s]" under § 924(e)(2)(A)(ii). *Id.* The Eleventh Circuit issued a mandate on August 24, 2015. (ECF No. 115.)

Petitioner subsequently filed a Petition for Writ of Certiorari in the United States Supreme Court, which was denied on January 11, 2016.

(ECF No. 118.) On June 21, 2016, Petitioner filed a *pro se* Motion to Vacate pursuant to § 2255, in which he asserts, among other claims, that he is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Descamps v. United States*, 570 U.S. 254 (2013). (ECF No. 119.) Petitioner further sought the appointment of counsel. In light of the Northern District of Florida's standing order appointing the Office of the Federal Public Defender to represent individuals sentenced as armed career criminals to determine whether they may qualify for federal habeas relief following *Johnson*, the Court denied Petitioner's request as moot and ordered the Office of the Federal Public Defender to file a notice or appropriate motion with respect to its representation of Petitioner. (ECF No. 121.)

The Assistant Federal Public Defender filed notice that Petitioner is ineligible for relief in light of *Johnson* because Petitioner's sentencing enhancement was predicated on three prior serious drug offenses, and the decision in *Johnson* interpreted the meaning of a "violent felony" under the ACCA without addressing the definition of a serious drug offense or the use of drug convictions as predicate offenses. (ECF No. 122.) The Court

granted counsel's motion to withdraw and ordered that the Government respond to the *pro se* Motion. (ECF Nos. 123 & 126.)

The Government filed a Response, arguing that neither *Johnson* nor *Descamps* entitles Petitioner to relief. (ECF No. 128.) Petitioner filed a Reply to the Response and, thereafter, a Motion to Supplement the Petition. (ECF Nos. 129 & 133.) In an effort to construe the pleadings in the manner most favorable to Petitioner, a *pro se* litigant, the Court has distilled Petitioner's Motion, Reply, and Motion to Supplement, to assert the following claims:

1. Petitioner's sentence was improperly enhanced under the unconstitutionally vague residual clauses of the ACCA and the Sentencing Guidelines;

2. Petitioner's prior convictions for Possession With Intent to Sell Cocaine under Florida law are not "serious drug offense[s]" under the ACCA or "controlled substance offense[s]" under the Sentencing Guidelines;

3. The Government failed to meet its burden of proving that Petitioner's three prior drug offenses qualified as ACCA or U.S.S.G. predicate offenses;

4. Petitioner's sentencing enhancement violates the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), because no jury ever found the enhancements beyond a reasonable doubt;

5. The use of Petitioner's prior drug offenses to enhance his sentence violates *Descamps*, *Mays v. United States,* 817 F.3d 728 (11th Cir. 2016), and *Mathis v. United States*,136 S. Ct. 2243 (2016); and,

6. Counsel was ineffective for failing to challenge the sentencing enhancement based on prior drug offenses.

(ECF Nos. 119, 129 & 133.)

## II.  ANALYSIS

### A. General Legal Standard

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to Section 2255 are extremely limited. A prisoner is entitled to relief under Section 2255 if the court imposed a sentence that: (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United*

*States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).

### B. Ground One

In his first ground for relief, Petitioner alleges his sentence was improperly enhanced under the unconstitutionally vague residual clauses of the ACCA and the Sentencing Guidelines.

A defendant is an armed career criminal under 18 U.S.C. § 924(e) if he has three prior convictions for a "violent felony" or "serious drug offense." 18 U.S.C. § 924(e)(1). A "serious drug offense" is defined in the

ACCA as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." § 924(e)(2)(ii)(A).

A defendant is classified as a career offender under the Sentencing Guidelines if (1) he was at least 18 years old at the time of the crime of conviction; (2) which was either a crime of violence or involved a controlled substance; and (3) he had at least two prior felony convictions of either a crime of violence or a controlled-substance crime. U.S.S.G. § 4B1.1(a). The Guidelines define "controlled substance offense" as any crime under federal or state law, punishable by imprisonment for more than one year, "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

On June 26, 2015, the United States Supreme Court held that the "residual clause" contained in the ACCA's definition of "violent felony" is unconstitutionally vague. 135 S. Ct. at 2563. And in April 2016, the Court

held that the *Johnson* decision is retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). In *Beckles v. United States*, the Supreme Court held that the Sentencing Guidelines, which contain an identically worded residual clause in § 4B1.2(a), are not subject to vagueness challenges under the Due Process Clause. 137 S. Ct. 886, 888 (2017).

Petitioner's sentence was enhanced based on his prior drug offenses, which qualify as "serious drug offense[s]" under the ACCA and "controlled substance offense[s]" under the Guidelines. His sentence was not enhanced under the residual clause. The decisions in *Johnson* and *Beckles* addressed only the residual clauses and had no bearing on the definitions of "serious drug offense" or "controlled substance offense." Accordingly, Petitioner's contention that his sentence was improperly enhanced under the unconstitutionally vague residual clauses of the ACCA and the Sentencing Guidelines is without merit.

### C. Ground Two

Petitioner next alleges his enhancement is improper because his prior drug offenses are not predicate offenses within the ACCA or the

Guidelines. This claim is procedurally barred and without merit.

At least where there has been no intervening change in controlling law, a claim or issue that was decided against a defendant on direct appeal may not be the basis for relief in a § 2255 proceeding. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). This claim was raised and disposed of in Petitioner's direct appeal and, therefore, it is barred. *See* ECF No. 113.

Moreover, as the Eleventh Circuit found in its opinion affirming Petitioner's sentence, this claim lacks merit. *See United States v. Smith*, 775 F.3d 1262, 1265-68 (11th Cir. 2014) (holding that Section 893.13(1) of the Florida Statutes is both a "serious drug offense," 18 U.S.C. § 924(e)(2)(A), and a "controlled substance offense," U.S.S.G. § 4B1.2(b)).

### D. Ground Three

Petitioner next alleges that the Government failed to produce any evidence or documentation regarding Petitioner's prior drug convictions at sentencing, and thus the Government failed to meet its burden of proving that the three prior drug offenses qualified as ACCA or U.S.S.G. predicate offenses. This claim is also procedurally barred and without merit.

Case Nos.: 1:13cr12/MW/GRJ; 1:16cv253/MW/GRJ

Under the procedural default rule, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn*, 365 F.3d at 1234. Here, Petitioner could have but failed to challenge his sentence on these grounds on direct appeal. Therefore, he is procedurally barred from raising this claim and has not satisfied either of the exceptions to the rule of procedural default.

Moreover, the record reveals that the Government submitted certified judgments of the predicate offenses in support of the enhancements at sentencing. (ECF No. 101 at 12-27.) Accordingly, Petitioner's Ground Three is procedurally barred and without merit.

### E. Ground Four

Relying on *Alleyne v. United States*, 570 U.S. 99 (2013), Petitioner next alleges that his sentence enhancement is improper because the enhancement was not found by a jury beyond a reasonable doubt. This claim is procedurally barred because Petitioner could have but failed to raise it on direct appeal. Moreover, this issue is foreclosed by the Eleventh Circuit's decision in *United States v. Flowers*, 531 F. App'x 975, 985 (11th

Cir. 2013). The Supreme Court in *Alleyne* held that any fact that increases a defendant's mandatory minimum sentence is an element of the crime that must be found by a jury. *Id.* In *Flowers*, the Eleventh Circuit clarified that *Alleyne* did not extend to prior-conviction sentencing enhancements. *Id.* Accordingly, Petitioner's Ground Four warrants no relief.

### F. Ground Five

Petitioner next alleges that the use of his prior drug offenses to enhance his sentence violates the holdings in *Descamps, Mays,* and *Mathis*.

In *Descamps*, the Supreme Court held that sentencing courts may not apply the "modified categorical approach" to determine whether a prior offense was a violent felony under the ACCA when the crime of which the defendant was convicted has a single, indivisible set of elements. 570 U.S. 254. In *Mays*, the Eleventh Circuit held that, under *Descamps* and *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014), third degree burglary convictions in Alabama cannot qualify as violent felonies under the ACCA's enumerated offense clause. 817 F.3d at 736. In *Mathis*, the Supreme Court applied the categorical approach to an indivisible statute

and held that Mathis' convictions under Iowa law could not give rise to an ACCA sentence because the elements of the Iowa burglary law were broader than those of generic burglary under the ACCA. 136 S. Ct. at 2257.

The Court understands Petitioner to allege that convictions under Florida Statutes § 893.13 do not qualify as controlled substance offenses under the Guidelines because the statute criminalizes conduct that is not included within the Guidelines definition of a controlled substance offense. (ECF No. 133.) However, nothing in *Descamps*, *Mays*, or *Mathis* suggests that Possession with Intent to Deliver Cocaine under § 893.13 is no longer a controlled substance offense or a serious drug offense. Indeed, the Eleventh Circuit has upheld ACCA and career-offender enhancements based on prior § 893.13 convictions following *Mathis*. *See United States v. Pearson*, 662 F. App'x 896 (11th Cir. 2016); *United States v. Williams*, 700 F. App'x 895 (11th Cir. 2017). Accordingly, Petitioner has not shown he is entitled to relief.

### G. Ground Six

Last, the Court understands Petitioner to allege that his counsel was ineffective for failing to argue that his sentence enhancement was

improper.

In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying *Strickland*, a court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

Petitioner's claim is belied by the record. Petitioner's counsel at sentencing objected to the enhancement; however, counsel's objection was overruled. *See* ECF No. 101. Further, Petitioner's appellate counsel argued on appeal that the district court erred by sentencing him under § 924(e) and § 4B1.4(a) based on his prior § 893.13 convictions, but the Eleventh Circuit

affirmed Petitioner's sentence. (ECF No. 113.) Petitioner fails to demonstrate ineffective assistance of counsel.

### H. Evidentiary Hearing

To warrant an evidentiary hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. Petitioner has failed to do so here. Accordingly, to the extent Petitioner requests an evidentiary hearing, his request is denied.

### III. CONCLUSION

For all of the foregoing reasons, the Court concludes that Petitioner has not shown that he is entitled to Section 2255 relief. Nor has he shown that an evidentiary hearing is warranted. Therefore, Petitioner's Motion should be denied.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be

Case Nos.: 1:13cr12/MW/GRJ; 1:16cv253/MW/GRJ

filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (ECF No. 119) and Motion for Leave to File A Supplemental § 2255 (ECF No. 133) should be **DENIED**.

2.   A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 16th day of January, 2018.

*/s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 1:13cr12/MW/GRJ; 1:16cv253/MW/GRJ